Detention Order Pending Trial

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 12-30273-01

v.

MOSES LEROY MITCHELL,

*Defendant.*
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      __   18 U.S.C. § 3142(f)(2).

__   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.      Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

\_\_      (1)      Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

\_\_      (2)      The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

\_\_      (3)      A period of less than five years has elapsed since

\_\_      the date of conviction, **or**

\_\_      Defendant's release from prison for the offense described in finding (B)(1).

\_\_      (4)      Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.      Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

\_\_      for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

\_\_      under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

\_\_      listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

\_\_      listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

    \_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

    \_\_    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

\_\_    (1)    There is a serious risk that Defendant will not appear.

\_\_    (2)    There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

\_\_    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

    The Government timely moved to detain, noting that the crime charged is a crime of violence within the meaning of the Bail Reform Act. I conclude that the Government is correct, and that the Government has complied with the conditions required to bring this motion. None of the presumptions in favor of detention have been cited, and I find that

none apply. I will therefore consider Defendant's circumstances under the standards set forth in 18 U.S.C. § 3142(g).

As to subsection (g)(1), as noted, the crime charged is a crime of violence. As to subsection (g)(2), I find from review of the affidavit supporting the criminal complaint that there is a definite weight of evidence as to the a charges made against Defendant.

As to subsection (g)(3), I note that Defendant is 19 years of age. He most recently lived with his sister at an address in Saginaw and hepreviously lived at various addresses in the Saginaw area. Defendant reported to Pretrial Services that, if released on bond, he would return to live with his family. Defendant conceded to Pretrial Services that in the past he has used or experimented with both marijuana and powder cocaine.

Defendant has no meaningful prior criminal history. Review of the sworn affidavit supporting the criminal complaint, however, sheds additional light upon Defendant's alleged actions, which I conclude have an impact on the decision whether to detain. As pointed out by the Assistant United States Attorney, Defendant and two other individuals were apprehended after a high-speed police chase that followed the most recent of the five armed bank robberies described in the complaint. Subsequent to his arrest, the affidavit recites that Defendant admitted that he committed each of the five bank robberies. I note at this point that, as implied by defense counsel, Defendant has the right to move to suppress these statements. However, the Bail Reform Act makes it equally clear that I am not to decide at this stage nor imply any decision of such motions, and that the Federal Rules of Evidence do not apply to the consideration of motions to detain. I will therefore take the allegations stated in the sworn affidavit at face value.

As Defendant admitted his participation in the five armed bank robberies, he described the weapon that he used as a 9 mm handgun with a special 31-round ammunition clip. Defendant admitted throwing this weapon out of the car during the police chase. The weapon was later discovered and, according to the affidavit, when film of the bank robberies was reviewed, a weapon matching this unique configuration was seen.

The first of the alleged armed bank robberies took place on January 30, 2012. According to the affidavit, Defendant brandished a weapon and jumped over the teller counter so that he was in direct proximity to the teller employees. He demanded and received over $9,000. Less than a week later, Defendant and others conducted a second bank robbery. Defendant again brandished the gun and jumped on top of the teller counter demanding money. He received over $19,000. Significantly, during this robbery a round was discharged from the weapon. On March 12, 2012, Defendant committed a third bank robbery, again brandishing a weapon and vaulting over the teller counter. He received approximately $8,700.00. The fourth bank robbery took place less than two weeks later. Defendant again brandished a handgun and received $9,700. The last of the bank robberies took place on March 30, 2012, and, as mentioned, Defendant again brandished a handgun. His departure from the bank with a co-conspirator was witnessed by an off-duty Saginaw sheriff's deputy who followed Defendant's car until a marked patrol unit was able to begin what turned into a high-speed chase, resulting in the arrest of Defendant and his co-conspirator.

Although Defendant has no prior criminal history, in light of his consistent conduct of brandishing a weapon and discharging that weapon during the commission of multiple bank robberies, there are no conditions nor any combination of conditions that I could find

that would reasonably assure the safety of the community. Accordingly, the Government's motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

|  |  |
|---|---|
| Dated: May 11, 2012 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Libby Dill and Elias Escobedo, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: May 11, 2012          By     s/*Jean L. Broucek*
                                           Case Manager to Magistrate Judge Binder